# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2725

_____

Virginia Davidson,                            *
                                              *
        Appellant,                        *
                                              *
                                              *    Appeal from the United States
    v.                                    *    District Court for the
                                              *    Eastern District of Missouri.
                                              *
Tyco/Healthcare Mallinckrodt, Inc.,           *
                                              *         [UNPUBLISHED]
        Appellee.                         *

_____

Submitted: November 7, 2006
Filed: November 14, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Virginia Davidson appeals the district court's[1] adverse grant of summary judgment in this action against her former employer, Tyco/Healthcare Mallinckrodt, Inc. (Mallinckrodt). Following careful de novo review, see Kincaid v. City of Omaha, 378 F.3d 799, 803-04 (8th Cir. 2004) (standard of review), we agree with the district court that, even assuming Davidson established a prima facie case of race discrimination, she failed to establish that Mallinckrodt's decision to eliminate a position in her department as a result of improved technology and increased

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

efficiency, and its specific decision to eliminate her position based on her low score on an assessment of the employees in her department, were pretextual. See Davis v. KARK-TV, Inc., 421 F.3d 699, 703-04 (8th Cir. 2005) (Title VII and 42 U.S.C. § 1981 cases analyzed in same manner); Wheeler v. Aventis Pharms., 360 F.3d 853, 857 (8th Cir. 2004) (prima facie case of discrimination requires proof that claimant was member of protected group, met legitimate expectations of her employer, and suffered adverse employment action, and that circumstances existed which gave rise to inference of discrimination; after legitimate explanation for termination is presented, claimant must produce sufficient evidence that proffered reason was not true reason for termination).

In addition, Davidson's retaliation claims failed because she did not establish that she engaged in protected conduct and then suffered an adverse employment action that was causally linked to the protected conduct, see Putman v. Unity Health Sys., 348 F.3d 732, 737 (8th Cir. 2003) (elements of retaliation claim); Hunt v. Neb. Pub. Power Dist., 282 F.3d 1021, 1028 (8th Cir. 2002) (protected activity includes opposing act of discrimination made unlawful by Title VII); and she did not offer any evidence of a violation of the Family and Medical Leave Act (FMLA), or meet her burden of showing her termination was in retaliation for her use of FMLA leave, see 29 U.S.C. § 2612; Smith v. Allen Health Sys., Inc., 302 F.3d 827, 832 (8th Cir. 2002).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____